**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra McCulloch,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-17-3825-PHX-DMF<br><br><br><br>**ORDER** |

Plaintiff Debra McCulloch appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that the ALJ's opinion contains non-harmless legal error and remands for benefits.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

## Background

McCulloch was born in 1954 and was 62 years old at the time of the hearing. (Tr. 44-45) Her alleged onset date from her disability was September 30, 2013, and her past relevant work was as an outside deliverer. (Tr. 32)

The ALJ used the five-step evaluation process in determining whether McCulloch was entitled to benefits. (Tr. 21-34) First, the ALJ determined that McCulloch met the insured status requirements through December 31, 2018, and that she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 23) Next, the ALJ found that McCulloch's cervical and lumbar degenerative disc disease, spondylosis, chronic pain syndrome, and sacral disorder were severe impairments but also found that these impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23-26) The ALJ concluded that McCulloch could perform modified light work, was capable of performing past relevant work and, thus, was not disabled. (Tr. 26-33)

## Analysis

In determining that McCulloch was capable of performing her past relevant work, the ALJ discounted the opinion of her treating physician, McCulloch's symptom testimony, and her husband's Function Report. On appeal, McCulloch argues that these were errors such that the ALJ's opinion cannot stand. (Doc. 19) The Court agrees.

<u>Weight of Treating Physician Testimony</u>

A treating physician's opinion must be given more weight than a non-treating physician's opinion. *Reddick*, 157 F.3d at 725. When the treating doctor's opinion is

contradicted by the opinion of another doctor, the opinion still cannot be rejected without giving "specific and legitimate reasons" for doing so, supported by "substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  However, an ALJ's reasons for assessing weight, whether controlling or not, to a treating physician's opinion must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical condition and the reasons for that weight." SSR 96-2p.  An ALJ may reject a physician's check box reports when the physician does not provide support for the report's conclusions. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ gave "little weight" to the opinion of Dr. Raje, McCulloch's treating physician and provided several justifications. (Tr. 32)  The ALJ first rejected Dr. Raje's conclusion that McCulloch could not work as an issue reserved to the Commissioner.  The ALJ then noted that Dr. Raje's functional limitations would preclude McCulloch from working and rejected this conclusion because Dr. Raje "did not provide medically acceptable clinical or diagnostic findings to support the functional assessment." (Tr. 32) There is no further explanation for this statement and the Court concludes that the record, as detailed by the ALJ, does not support this statement.  As McCulloch noted in her appeal, the ALJ's opinion acknowledged that McCulloch's medical records documented her reports of increased pain and decreased motion starting on her alleged onset date, September 30, 2013, and that her increased pain and decreased motion continued to be consistently noted throughout the medical notes in the record.  The opinion also notes the various imaging studies that documented abnormal results.[1]  (Tr. 28-31)  These medical records support Dr. Raje's functional assessment and the ALJ's opinion does not provide

---

[1] The ALJ's opinion noted in two places that McCulloch's December 10, 2013 physical examination "revealed normal findings." (Tr. 28, 30, citing Tr. 348)  The opinion did not mention that this medical record documented an annual exam with a nurse practitioner where she received her flu shot and that this record lists McCulloch as positive for neck pain and back pain. (Tr. 348-51)  *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).  The opinion also noted in two places that a June 25, 2014 nerve conduction study of McCulloch's lower extremities was normal.  (Tr. 28, 30)  The ALJ concluded that McCulloch's peripheral neuropathy was not severe and McCulloch does not challenge that conclusion.

an additional explanation about the contradiction between the medical records as described in the opinion and the decision to discount Dr. Raje's evaluation.

Next, the ALJ detailed some of Dr. Raje's functional limitations and stated that McCulloch's "treatment records document very minimal positive objective findings regarding [her] upper and lower extremities." (Tr. 30) This conclusion is belied by the opinion's earlier description of Dr. Raje's physical examination of McCulloch which had "revealed decreased tone and strength in the finger adductors and thumb opposition." (Tr. 30 citing Tr. 404) The ALJ then stated that he had "generously considered the positive objective findings" by reducing her residual functional capacity to "less than full range of light work." (Tr. 32) There is no further explanation.

The Court concludes that the ALJ's analysis was not "sufficiently specific" when explaining the leap between McCulloch's medical records and the discounted weight given to Dr. Raje's opinion. The Court cannot independently understand how the medical records cited in the ALJ's own opinion can support giving little weight to Dr. Raje's opinion. *See* SSR 96-2p.[2] Accordingly, the Court concludes that the ALJ's opinion did not provide a legally sufficient basis for discounting Dr. Raje's opinions.

<u>McCulloch's Testimony</u>. An ALJ must engage in a two-step analysis in evaluating the credibility of a claimant's testimony regarding alleged symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. *Id*. at 1281. Second, when there is no affirmative evidence suggesting malingering, the ALJ must also set forth "specific, clear and convincing reasons" before it can reject a claimant's testimony about the severity of symptoms. *Id*. at 1283-84. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The clear and convincing standard is the most heightened standard in Social Security Law. *Moore v. Soc. Sec. Admin*., 278 F.3d 920 (9th Cir. 2002). Once an underlying impairment is verified, an ALJ cannot use a lack of full and objective medical corroboration to reject a

---

[2] This policy statement was rescinded after the hearing date in this matter.

- 4 -

claimant's subjective symptoms. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986), *superseded by statute on other grounds as stated in Bunnell v. Sullivan*, 912 F.2d 1149 (9th Cir. 1990). To support a finding that the symptoms are not credible, the ALJ must offer specific findings properly supported by the record in sufficient detail to allow a reviewing court to review the findings for permissible grounds and freedom from arbitrariness. (*Id*.) Moreover, the mere fact that McCulloch engages in some daily activities does not in any way detract from the credibility as to her overall disability, as a claimant does not need to be "utterly incapacitated" in order to be disabled. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Such activities of daily living can only be used to reject a claimant's testimony if those activities actually show that a claimant can work or they are inconsistent with a claimant's testimony regarding what he or she can do. (*Id*.)

Here, the ALJ noted that McCulloch had

> described activities of daily living that are compatible with competitive work. For example, [McCulloch] can perform personal grooming activities, perform some household chores, occasionally drive, occasionally waters plants and takes walks and assists with caring for a pet cat. Additionally, [McCulloch] reported she volunteered at her church once a week for approximately seven months during the period at issue and attended weekly church dinners.

(Tr. 32-33) (internal citation omitted).[3] This description of McCulloch's activities of daily living did not show that she can work and instead fall squarely into the category of daily activities that do "not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). *See also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (a claimant's ability to perform some housework is not dispositive to her disability claim). Therefore, the Court concludes that the ALJ opinion did not provide a sufficient explanation for discounting McCulloch's testimony.

<u>Mr. McCulloch's Statement</u>. To discount lay witness testimony, the ALJ must provide reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

---
[3] Earlier in the opinion, the ALJ described these activities of daily living in more detail. (Tr. 27)

- 5 -

Cir. 1993). Here, the ALJ's opinion detailed the information provided by McCulloch's husband and then discounted it because he was a lay witness, not a medical professional and also because he "has a financial and familial interest in seeing [McCulloch] receive benefits and his opinion is not an unbiased one." This is not a germane reason to reject Mr. McCulloch's observations and "contradicts [the Ninth Circuit's] insistence that, regardless of whether they are interested parties, 'friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition.'" *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citing *Dodrill*, 12 F.3d at 918-19).

The ALJ also discounted Mr. McCulloch's opinion because "the clinical or diagnostic medical evidence that is discussed [in the opinion] does not support his statements." (Tr. 29) The Ninth Circuit has repeatedly rejected this rationale as a non-germane reason for discounting third party witness reports. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) and *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)).

No other reasons were provided for discounting Mr. McCulloch's opinion and the Court concludes that the ALJ did not provide any germane reasons to reject Mr. McCulloch's report Third Party Function Report.

**Remand**

The decision to remand a case for additional evidence or for an award of benefits is within the discretion of this court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The court can remand a case with instructions to award benefits when

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, all three parts of this test have been met. First, the record was fully developed and further administrative proceedings would impermissibly allow the "ALJ to have a mulligan." *Id.* at 1021.

Second, as described above, the ALJ did not provide a sufficient explanation for rejecting Dr. Raje's opinion, McCulloch's testimony, or Mr. McCulloch's report. Finally, if the ALJ had credited as true Dr. Raje, McCulloch, and Mr. McCulloch, the ALJ would be required to find that McCulloch was disabled. (Tr. 48 55, 66, 67)

**IT IS THEREFORE ORDERED** that Debra McCulloch's claim for disability is remanded to the Commissioner of the Social Security Administration for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of this Court.

Dated this 24th day of October, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge